1                  UNITED STATES DISTRICT COURT

2                SOUTHERN DISTRICT OF CALIFORNIA

3

4  UNITED STATES OF AMERICA,      ) Case No. 07CR3342-H
                                  )
5           Plaintiff,            ) San Diego, California
                                  )
6  vs.                           ) Monday,
                                  ) April 14, 2008
7  JOAQUIN BARRAGAN,             ) 9:00 a.m.
                                  )
8           Defendant.           )
                                  )
9  _____)

10       TRANSCRIPT OF ACCEPTANCE OF PLEA WITH P.O. REPORT
               BEFORE THE HONORABLE MARILYN L. HUFF
11                UNITED STATES DISTRICT JUDGE

12  APPEARANCES:

13  For the Plaintiff:          A. DALE BLAKENSHIP, ESQ.
                                Assistant United States
14                               Attorney
                                880 Front Street
15                              San Diego, California 92101

16  For the Defendant:          SIRI SHETTY, ESQ.
                                110 West C Street, Suite 1810
17                              San Diego, California 92101
                                (619) 602-8479
18
    Transcript Ordered by:      SIRI SHETTY, ESQ.
19
    Court Recorder:             Nancy Cablay
20                              United States District Court
                                940 Front Street
21                              San Diego, California 92101

22

23

24  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.
25

ii

1  Transcriber:                    Tara Bauer
                                   Echo Reporting, Inc.
2                                  6336 Greenwich Drive
                                   Suite B
3                                  San Diego, California 92122
                                   (858) 453-7590
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

 1    <u>SAN DIEGO, CALIFORNIA MONDAY, APRIL 14, 2008 9:00 A.M.</u>

 2                            --o0o--

 3       (Call to order of the Court.)

 4           THE CLERK:  Four on calendar, 07CR3342, U.S.A.

 5  versus Joaquin Barragan for acceptance of plea, sentencing

 6  with presentence report.

 7           MR. BLANKENSHIP:  Good morning, your Honor, Dale

 8  Blankenship on behalf of the United States.

 9           THE COURT:  Good morning.

10           MS. SHETTY:  Good morning, your Honor, Siri Shetty

11  on behalf of Mr. Barragan who is in custody and will shortly

12  be present before the Court.

13           THE COURT:  I haven't seen you for awhile.

14       (Pause.)

15           MS. SHETTY:  Mr. Barragan is now present before

16  the Court and he will be assisted by a Spanish-language

17  interpreter.

18           THE COURT:  Good morning.

19           THE INTERPRETER:  Good morning, your Honor,

20  interpreter.

21           THE COURT:  Thank you.

22           Is it still your desire to plead guilty?

23           THE DEFENDANT (Through interpreter):  I am guilty.

24           THE COURT:  Did you plead guilty before the

25  magistrate judge because you are guilty of this crime and

2

1 for no other reason?

2        THE DEFENDANT:  Guilty.

3        THE COURT:  Do the parties stipulate that the

4 magistrate judge complied with Rule 11 and that there is a

5 factual basis for his guilty plea?

6        MS. SHETTY:  Yes, your Honor.

7        MR. BLANKENSHIP:  Yes, your Honor.

8        THE COURT:  Based on the findings and

9 recommendations of the magistrate judge upon a plea of

10 guilty, and the defendant's consent filed with the Court on

11 or about January 24, 2008, and the Court's own inquiry and

12 review, the Court will accept the plea of guilty.  The Court

13 finds that the plea is freely and voluntarily entered, that

14 the defendant understands his rights and has knowingly and

15 intelligently waived them, that the defendant is competent

16 to enter the plea and that there's a factual basis for his

17 guilty plea.

18        Have you reviewed the presentence report and

19 sentencing information with your client?

20        MS. SHETTY:  Yes, your Honor.

21        THE COURT:  Is he prepared to be sentenced today?

22        MS. SHETTY:  Yes, your Honor.

23        THE COURT:  You may proceed.

24        MS. SHETTY:  Thank you, your Honor.

25        Based on Mr. Barragan's background, a sentence

3

1 below the advisory guidelines is sufficient, but not greater

2 than necessary, to fulfill the goals of Section 3553(a).

3 His personal characteristics do distinguish Mr. Barragan

4 from other defendants charged in this district with this

5 crime and does warrant a more lenient sentence.

6           Mr. Barragan's earliest childhood memories are not

7 of going to school or playing with toys or of his friends,

8 playing games with his friends, his memories are of being

9 abused by his stepfather, being constantly hungry, of

10 working at a young age in order to survive.  And he did

11 survive, by finding work, by immigrating to the United

12 States, and becoming a legal permanent resident of this

13 country.  Until 1998, when he was 40-years-old, he was a

14 successful and productive member of his community.  He was

15 raising his family, he was working multiple jobs, he was a

16 good worker and a good father.

17           The 1998 conviction alleged by the Government

18 involved his wife, and Mr. Barragan is mindful that it is --

19 it was a significant offense.  As a result of that alleged

20 conviction, he lost his right to being in the United States,

21 and a result of his deportation he now knows -- does not

22 know the whereabouts of his four minor children.

23           To his credit, however, this is the only

24 conviction that the Government alleges is on his record.

25 This makes him quite unlike the majority of 1326 defendants

4

1 in this district.  He has never abused alcohol or drugs, and

2 that alleged conviction appears to be sort of an isolated

3 episode in his life.  It wasn't repeated after that and he

4 has no -- he's only in a criminal history category three

5 because he's on parole, and not for any additional criminal

6 conduct in this state.

7          He's not coming back to the United States to

8 commit more crimes, to commit more state crimes.  He was

9 simply coming back because his entire family lives here.

10 His parents -- or, his mother, his siblings and his six

11 minor children -- six children, two of which are -- several

12 of which are over the age of 18.  Now, Mr. Barragan

13 recognizes that he cannot return here illegally no matter

14 how sympathetic his reason is and no matter how much

15 emotionally he feels connected to -- to the United States.

16 He has learned his lesson and he plans on returning to

17 Mexico and earning a living there.  He doesn't have a

18 problem working.  He's somebody who, after his last

19 deportation, was working in Mexico, but he was barely

20 squeaking out a living and he -- he dearly missed his

21 family.  Again, he understands that's not a reason to return

22 and he, you know, for someone who has not spent that much

23 time in jail in the United States, he doesn't want to return

24 here to spend more time in jail.  He can -- he can make it

25 work in Mexico and he's hopeful that he can contact his

5

1 children by phone in Mexico and that they can come travel to

2 meet him.

3          Because that prior alleged conviction, which

4 results in such a dramatic increase in his sentence, is

5 quite unlike anything, and quite out of character, for Mr.

6 Barragan, we are requesting a sentence below the advisory

7 guideline range.

8          THE COURT:  Now he pled nolo.  Do you think that

9 that at all reflects the result?

10          MS. SHETTY:  Under the law, no.  A nolo plea under

11 Ninth Circuit is consider the same.  I would note that he

12 received 365 days in county jail.  His revocation was simply

13 based on, he was found here illegally after he was deported

14 for that offense.

15          THE COURT:  So he got a very -- for the nature of

16 the crime, a very low --

17          MS. SHETTY:  That's correct.

18          THE COURT:  -- sentence?

19          MS. SHETTY:  That's correct.

20          THE COURT:  Did he ever reconcile?

21          MS. SHETTY:  No, but interestingly, at the time of

22 his sentencing, the prosecutor didn't ask for a stay away

23 order because -- in recognition of the fact they had

24 children together.  And I think -- and I'm just inferring

25 this, that this was simply a dispute -- a one-time dispute,

6

1 and my understanding is it was over alleged infidelity and

2 it -- he deeply regrets it, but it's not something that he

3 has ever repeated or -- it just seems out of character for

4 who he is somebody who doesn't use drugs or alcohol and

5 somebody who has worked his entire life.

6           THE COURT:  Do I have the -- now, you've provided

7 me the conviction documents.  Were there any other documents

8 that you got, such as a police report or anything?

9           MS. SHETTY:  No, I was -- no, I was not able to

10 obtain a police report.

11           THE COURT:  What would it be if it was a plus --

12 plus 8?

13           MS. SHETTY:  Your Honor, if I could just have a

14 moment to get a sentencing table?  At a category three, and

15 a base offense level of 16, reflecting an eight-level

16 increase, it's 27 to 33 months.

17           THE COURT:  And you're asking for 30 months?

18           MS. SHETTY:  That's correct.

19           THE COURT:  So you can analogize that while it's

20 classified as an aggravated felony, it's an aggravated

21 felony with an asterisk?

22           MS. SHETTY:  Correct.  There's some mitigating

23 circumstances, and I think it's notable that there's just

24 nothing like this on Mr. Barragan's record before or after.

25           THE COURT:  The one year with the five years

7

1  probation and no probation revocations, other than --

2          MS. SHETTY:  For returning, that's correct.

3          THE COURT:  -- for returning illegally --

4          MS. SHETTY:  That's correct.

5          THE COURT:  -- is significant to the Court.

6          Thank you.  Let me hear from the Government.

7  Maybe there's more to it.

8          MR. BLANKENSHIP:  Thank you, your Honor.  The

9  Government's recommendation is to join with probation and we

10 recommend a 52-month sentence in this case.  That is the

11 middle range of the guideline range -- or the middle of the

12 guideline range.  We believe that appropriately reflects the

13 seriousness of the defendant's conduct.

14         In this particular case, we're talking about

15 protection.  The need for deterrence, the need for

16 protection of society, and specifically we need to protect

17 the victims of this particular -- of his prior offense.

18         THE COURT:  State court judge didn't think so.

19         MR. BLANKENSHIP:  They gave him a three --

20         THE COURT:  He gave him one year.

21         MR. BLANKENSHIP:  They gave him a three-year

22 sentence after that though, your Honor.  They gave him a

23 one-year sentence, deported him, and then he came back and

24 he got slapped with three years.  That was a pretty

25 significant jump.  I think that sends the message that he

8

1   needs to be -- that they were actually focused on trying to

2   -- if you have -- if you've got to give the guy a break one

3   time, and he comes back and you give him a three-year

4   sentence, based on the revocation of probation, I think it's

5   the opposite conclusion can be drawn from what the defense

6   would have you -- or would argue.  In this particular case,

7   it would appear that the judge was more concerned about

8   ensuring that the defendant did not -- protecting the

9   victims of this particular incident.  He was picked up on

10  probation revocation and sentenced to a very serious

11  sentence that was a significant increase over the one year

12  initial sentence.  And I think that the opposite conclusion

13  can be drawn, that this was --

14         THE COURT:  I just can't do the -- 52 months seems

15  way to high, given the Government's plea deals with -- with

16  a number of people who have really really aggravated

17  criminal histories.

18         MR. BLANKENSHIP:  Your Honor, this is a forcible

19  sex offense.  This is not --

20         THE COURT:  A forcible sex offense that sent to

21  the judge, state court judge gave him one year for that.

22  One year.

23         MR. BLANKENSHIP:  And then revoked him and gave

24  him an additional three years.

25         THE COURT:  But that was for violation -- just

9

1  for --

2            MS. SHETTY:  And that's corroborated in the PSR

3  where it indicates the defendant was found at San Clemente

4  illegally and then revoked.  And it's my understand that,

5  according to the PSR, parole is not intending to revoke him

6  again based on the federal sentence.  I don't think there's

7  any evidence that Mr. Barragan committed additional criminal

8  conduct of that type.

9            THE COURT:  All right, thank you.

10           The Court will hear from Mr. Barragan.

11           THE DEFENDANT:  I am sorry for having done what I

12  have done and my coming back in.  I am sorry for having done

13  what I have done and of having come back into this country.

14  My intention is to go back to my country to work and live.

15  I mean, after all, that is where I have lived before,

16  although not for a very long time.  But I would like

17  somebody to give me some opportunity.  I would like the

18  opportunity to know what having a child is, because the ones

19  that I was calling my children, I would call them like that

20  so that they would not feel as badly as I always had felt.

21  I beg God to bless your Honor and all those here present and

22  that is all.

23           THE COURT:  Thank you.

24           In this case the Government asked for 52 months,

25  the defense asks for 30 months.  The Court first begins with

10

1 the consideration of the advisory guidelines and then each

2 of the 3553(a) factors.  The Court begins with a base

3 offense level of eight, and then plus 16 for the prior

4 aggravated felony.  It is a significant felony, there is no

5 getting around that under 2(l)1.2(b)1(a), and so the 16-

6 level increase is warranted.  As I said, I was struck by the

7 fact that the state court judge gave only one year

8 initially.  So that indicates that the Government's request

9 for mid-range of the guidelines I think is overstated.

10 Then, minus three for acceptance of responsibility makes it

11 an adjusted offense level of 21.  The criminal history is

12 Roman Numeral III, and the advisory guideline range is 46 to

13 57 months.

14       Next, the defense asks for consideration of either

15 a departure or a 3553(a) factors.  The Government makes a

16 good point that he was revoked and given three years for

17 being here illegally, and I do believe in incremental

18 sentences as well, so the defense's request for a sentence

19 under the three years that the state court judge gave him

20 seems to be not really in keeping with the statutory

21 purposes of sentencing, that I give a sentence that is

22 sufficient, but not greater than necessary to achieve the

23 purposes of sentencing.

24       The Court has considered each of the 3553(a)

25 factors.  These are outlined in the presentence report on

11

1  pages 11 -- primarily on page 11, and the Court concludes,

2  after considering both the advisory guidelines and the

3  3553(a) factors, that a sentence of 46 months, the low-end

4  of the guidelines is warranted.

5          I had considered whether giving 36 months, which

6  would be the three years the state court judge gave, but

7  then that would be the same sentence, and so while of course

8  I've got a lot of discretion to do, what I think is

9  appropriate to achieve a sentence at a sufficient, but not

10 greater than necessary, I think something higher is

11 warranted on the theory that perhaps it provides additional

12 deterrence.  So I believe that 46 months is warranted, the

13 low-end of the guidelines.

14         Next the Court imposes the term of supervised

15 release of three years.  The Court orders that you abide by

16 the standard conditions of supervised release.  This

17 includes the condition that you violate no federal, state or

18 local law.  And the special conditions of supervised

19 release, if you are deported, excluded or allowed to

20 voluntarily return to Mexico, you are not to reenter the

21 United States illegally and report to U.S. Probation within

22 24 hours of any reentry to the United States.  Supervision

23 will be waived upon deportation, exclusion or voluntary

24 departure.  While it's waived, it still exists, so that if

25 you're in violation you could face a violation of supervised

12

1  release and a new crime if appropriate.

2          The Court has prepared these conditions.  One

3  other condition that you're to submit to a search of

4  personal property, residence or boat or vehicle, at a

5  reasonable time and in a reasonable manner by the probation

6  officer.  The Court has prepared these conditions in writing

7  in Spanish for you, in your native language.  Do you

8  acknowledge receipt of the standard and special conditions

9  of supervised release?

10          THE DEFENDANT:  Yes.

11          THE COURT:  You have -- the Court will not impose

12  a fine, as the defendant has affirmatively demonstrated an

13  inability to pay a fine, but will impose a penalty

14  assessment of $100, but remit or waive that due to the

15  difficulties of collection.

16          You have -- excuse me.  You have ten days from

17  today's date to file an appeal as to any issue that you've

18  preserved for appellate review.  Based on the Court's

19  sentence, has appeal been waived?

20          MS. SHETTY:  Yes, your Honor.  And your Honor,

21  just for the record, we did file some legal objections based

22  on Amandores-Torres (phonetic) and we understand that --

23          THE COURT:  The Court notes that based on present

24  Ninth Circuit law, which the Court is required to follow,

25  that the Court would overrule that objection.  And the

13

1  interesting twist in this matter would be whether or not

2  there's a -- whether nolo contendere would provide any

3  additional justification.  However, it is a conviction --

4  under state law, it is a conviction that's a felony and it

5  does not treat it differently and that's how the case law

6  has come out as well.  So the Court overrules your

7  objection.

8          MS. SHETTY:  Thank you.

9          THE COURT:  You have ten days from today's date to

10  file an appeal as to any issue that you preserve for

11  appellate review.  Based on the Court's sentence, has appeal

12  been waived?

13          MS. SHETTY:  No, your Honor, it's my understanding

14  that Mr. Barragan wishes to preserve his right to appeal.

15          THE COURT:  All right.  So you will file the

16  notice of appeal within the appropriate time?

17          MS. SHETTY:  Yes, your Honor, thank you.

18          THE COURT:  Thank you.

19          MR. BLANKENSHIP:  Thank you, your Honor.

20      (Proceedings recessed.)

21

22

23

24

25

14

1          I certify that the foregoing is a correct

2   transcript from the electronic sound recording of the

3   proceedings in the above-entitled matter.

4

5   s/Tara Bauer_____                          6/5/08
    Transcriber                                 Date
6
    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
7

8   s/L.L. Francisco_____
    L.L. Francisco, President
9   Echo Reporting, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*